UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8-24-cr-538-SDM-SPF

ANTHONY SANDERS
    a/k/a "Slanga"

## MOTION FOR PRETRIAL DETENTION

On December 11, 2024, a federal grand jury in the Middle District of Florida charged the defendants, Anthony Sanders and Marlita Andrews, by indictment with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Upon Sanders' arrest, the United States will move for detention under 18 U.S.C. § 3142(f)(1)(D)[1] and (2)(A), and ask the Court to order, under § 3142(e)(1), that he be detained pending trial. No conditions of release will reasonably assure Sanders' appearance as required and the safety of the community. In support of this motion, the United States proffers the following information.

I.    BACKGROUND

   A.    Overview of Investigation and Fraudulent Scheme

This case involves an investigation into a widespread and ongoing "jury duty" scam. The scammers, who impersonate real law enforcement officials, call victims and claim that a warrant is out for their arrest because they missed jury duty. To

---

[1] As discussed below, Sanders has several prior felony convictions, to include involuntary manslaughter (in 2019) and distribution of heroin (in 2016), in violation of Georgia law.

avoid immediate arrest, the victim must pay a fine or deposit money into an account. The scammers provide personal information about the victim (correct home address, date of birth, etc.), and the caller ID of the scammer will often match the telephone number of local police.[2]

As relevant here, one method in which the scammers may accomplish their goal is to direct victims to a "Bonding Transition Center" to make payment. In reality, the "Bonding Transition Center" is a Bitcoin (a form of cryptocurrency) ATM machine, that belongs to Coinstar, LLC.[3] Coinstar partnered with Coinme, Inc. (a cryptocurrency exchange) to provide users a physical location—kiosks—to buy and sell cryptocurrencies. This image depicts a Coinstar kiosk:



---

[2] This is done by using a commercial phone service.

[3] The generally accepted abbreviation for Bitcoin is "BTC" (the same as the initials for "Bonding Transition Center").

Transactions made via Coinme require the depositor to input an account number for the cryptocurrency to be purchased and deposited. The account holder must also have a valid phone number connected to the account. When conducting a transaction using Coinme, a two-factor authentication code is sent by Coinme to the account holder's phone number associated with the account. The code must be entered by the depositor within a short period of time (usually 90 seconds) for the depositor to be verified and the kiosk transaction to be processed successfully.

The way this works in the scam is that when a victim is directed to the "Bonding Transition Center" to make payment, the scammer provides the victim with the "account number" associated with the "warrant," to enter at the kiosk. The "account number" will be a 10-digit number, which is actually a phone number. Once the victim enters the "account number" (phone number) into the machine, a two-factor authentication code is sent to that phone. The person operating the phone receives the code and provides it to the scammer, who then provides it to the victim over the phone (the victim is required to stay on the line throughout the scheme). The person who receives the verification code could be the scammer using another phone to complete the scheme, or another person who is assisting the scammer.

Investigation has revealed that inmates in Georgia state prisons are participating in this scheme and using illegally obtained prepaid phones (sometimes called "burner" phones) to do so. Investigation has further revealed that associates

outside the prison may assist with receiving the funds and/or transferring the funds to other accounts.

Law enforcement has received reports from victims all over the country regarding this type of scam. In the past year in Sarasota alone, law enforcement received over 30 reports from victims with total losses exceeding $150,000.

    B.    **Anthony Sanders and Marlita Andrews' Participation**

At times material to the charge here, Anthony Sanders, a/k/a "Slanga," was an inmate in a Georgia prison, and Marlita Andrews was his associate outside the prison. This case stems from a victim's report in Sarasota County, Florida, in January 2024, stating she was defrauded of over $12,000 in a "warrant scam."

The victim stated that she received a call from a scammer impersonating a deputy with the Sarasota County Sheriff's Office, who stated that a warrant was issued for her arrest because she missed jury duty. The victim was directed to a "Bonding Transition Center" and deposited over $12,000 into three separate accounts (she was therefore provided with three separate "account numbers" (phone numbers) associated with the "warrant").

Records from Coinme show that the accounts were under different names and telephone numbers. One account was under a name with initials "K.S.," with an associated phone number ending in 3997. Thus, for the victim to complete this deposit, the victim would enter a phone number ending in 3997 into the kiosk to

complete the two-factor authentication. Other accounts had names with initials "T.B." and "R.W.," and had different associated phone numbers.

After the victim completed all three deposits, the victim's funds (which are now in the form of cryptocurrency) were quickly transferred from the three separate Coinme accounts into one Coinbase bitcoin wallet/account ending in "h3uN" ("Coinbase Account 1"). Investigation revealed that Coinbase Account 1 belonged to Marlita Andrews.

By the next day, all funds were dispersed from Coinbase Account 1 to several CashApp accounts and other unknown accounts. This diagram generally shows how the victim's funds were dispersed:



Records for Coinbase Account 1 revealed multiple, similar transactions in which cryptocurrency was quickly moved in and out of the account. Between November 2023 and early February 2024, approximately $80,000 worth of bitcoin passed through the account.[4]

Further investigation revealed that Anthony Sanders, using phones in prison, directed Marlita Andrews where to send profits of the scam. Also, text messages between Sanders and Andrews between November 2023 and early February 2024, show him asking her for "codes" approximately 50 times. The requests for "codes" corresponded with two-factor authentication codes used to verify an individual's identity for cryptocurrency transactions. The requests for "codes" included text messages on the day that the victim deposited money into the three Coinme accounts, as well as many others. In one text, in December 2023, Sanders asked Andrews for a code and stated, "She at machine now."

Other texts showed Andrews' purchase of prepaid phones to help get the phones to Sanders in prison. A text showed that Sanders asked Andrews to buy phones and take them to a certain address in Georgia because a drone was going to drop off items in the prison. Andrews asked how many phones Sanders needed and sent a photo of boxes of prepaid cellphones in a Walmart bag, and a Walmart receipt that showed the price of two phones.

---

[4] This is an approximate amount given cryptocurrency price volatility and consideration of transaction fees.

## II. MEMORANDUM OF LAW

The Bail Reform Act provides the framework to evaluate whether pretrial detention is appropriate. Pursuant to 18 U.S.C. § 3142(e)(1), the Court must order detention if, after holding a hearing pursuant to § 3142(f), it determines that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

In its determination whether any conditions of release will reasonably assure the appearance of the defendant and the safety of others, the Court considers these factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The United States requests a detention hearing under § 3142(2)(A), as the defendant poses a serious risk of flight, and further asks the Court to order Sanders detained pending trial. As shown below, the § 3142(g) factors favor pretrial detention.

### A. Nature of the Offense

The defendant is charged with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, which is punishable by a maximum term of imprisonment of 20 years. As shown above, the fraudulent scheme is complex and requires sophisticated means that include transfers of cryptocurrency. In addition to the victim in this case, the general scam has affected countless victims across the country. The defendant's conduct also involves other forms of criminal activity, such as money laundering, possession of contraband in prison, and possible identity theft, which the United States is investigating.

### B. Weight of the Evidence

The evidence in this case is strong. It consists of numerous records provided by cryptocurrency exchanges regarding transactions and the flow of illicit proceeds, and information obtained from the execution of a search warrant of Marlita Andrews' cellphone, to include text messages, call logs, location information, and photographs. An audio and video recorded interview of Andrews also exists, in which she acknowledged that she helped create Coinbase Account 1 and assisted Sanders with the transfer of funds at his direction.

### C. Defendant's History and Characteristics

Sanders is a 28-year-old male with no ties to the Middle District of Florida and is a documented gang member. His criminal history reflects his serious danger to the community. While engaging in the criminal conduct here, Sanders was in prison in

Georgia serving a seven-year sentence for one count of involuntary manslaughter, one count of unlawful acts of violence in a penal institution, and four counts of "violation of the street gang terrorism act," in violation of Georgia law. He committed those offenses in 2019 and was convicted in 2020. When he committed those offenses, he was in prison serving a four-year sentence for convictions for distribution of heroin and possession with intent to sell marijuana, in violation of Georgia law, which he committed and was convicted of in 2016.

Recently, per the Georgia Department of Corrections, the following items, among others, were seized from Sanders in prison: (a) one homemade weapon, (b) 18.7 grams of methamphetamine, (c) 18.9 grams of ecstasy, (d) 5.5 grams of marijuana, (e) 11.7 grams of tobacco, (f) two vapes, (g) one contraband cellphone, (h) four charging blocks, and (i) nine phone cables.

Sanders' criminal history shows that he has engaged in criminal activity his whole adult life and that he poses a danger to others. His lack of ties to the Middle District of Florida, in addition to the twenty-year maximum prison sentence he faces, also demonstrate that he poses a serious risk of flight.

D.     **Nature and Seriousness of Danger to Others**

Sanders continued to commit criminal offenses while in prison, targeting numerous victims through a fraudulent scam. While in prison, he also possessed contraband, to include electronic devices, a weapon, and various drugs. There is no reason to believe Sanders would abide by any conditions of release; rather, if

released, he will likely continue to commit various criminal offenses. In sum, there is a substantial risk of continued criminal conduct and harm to the community if he is not detained.

## III. CONCLUSION

For those reasons, the United States asks the Court to order that the defendant, Anthony Sanders, be detained pending trial.

          Respectfully Submitted,

          ROGER B. HANDBERG
          United States Attorney

By:   */s/ Ross Roberts*
      Ross Roberts
      Assistant United States Attorney
      Florida Bar No. 126847
      400 N. Tampa Street, Suite 3200
      Tampa, Florida 33602-4798
      Telephone: (813) 274-6000
      Facsimile: (813) 274-6358
      Email: Ross.Roberts@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

                                        */s/ Ross Roberts*
                                        Ross Roberts
                                        Assistant United States Attorney
                                        Florida Bar No. 126847
                                        400 N. Tampa Street, Suite 3200
                                        Tampa, Florida 33602-4798
                                        Telephone: (813) 274-6000
                                        Facsimile: (813) 274-6358
                                        Email: Ross.Roberts@usdoj.gov